IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYMBOLY INNOVATIONS, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON and LIBERTY MUTUAL GROUP, INC.<br><br>  Defendants. | CASE NO. 2:15-cv-01178-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS LIBERTY LIFE ASSURANCE COMPANY OF BOSTON AND LIBERTY MUTUAL GROUP, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND <u>COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT</u>**

Defendants Liberty Life Assurance Company of Boston ("Liberty Life") and Liberty Mutual Group, Inc. ("Liberty Mutual") (collectively, "Liberty") file this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Symbology Innovations, LLC's ("Plaintiff") Complaint. Liberty denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

## PARTIES AND JURISDICTION

1.   Liberty admits that the Complaint purports to set forth an action for patent infringement[1] and the Plaintiff purports to seek injunctive relief as well as damages, but denies that Plaintiff is entitled to any relief from Liberty.

2.   Liberty admits that the Complaint purports to set for an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and that this Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

3.   Liberty is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4.   Liberty Life admits that it is a corporation with a principal place of business at 175 Berkeley St., Boston, MA 02116. Liberty Life denies that it is organized and existing under the laws of the State of Massachusetts.

5.   Liberty Mutual admits that it is a corporation organized and existing under the laws of the State of Massachusetts, with a principal place of business at 175 Berkeley St., Boston, MA 02116.

6.   Liberty denies the allegations of Paragraph 6 of the Complaint.

7.   Liberty denies the allegations in paragraph 7 of the Complaint.

---

[1] Plaintiff's Complaint identifies only the MyLibertyMobile product and related services as infringing the patents-in-suit. On at least that basis, Liberty Mutual objects to its inclusion in this lawsuit, for only Liberty Life was and is involved in the development, maintenance, and operation of the accused products and services.

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT – Page 2**

## **VENUE**

8.     Liberty admits that venue may be proper. Liberty denies that venue is convenient in this judicial district as to Liberty. Liberty denies it has committed acts of infringement and, on that basis, denies the remaining allegations of Paragraph 8.

## **COUNT I**

9.     Liberty incorporates by reference the answers to paragraphs 1–8 above.

10.     Liberty admits that the Complaint purports to set forth a claim under the patent laws of the United States. Liberty otherwise denies the remaining allegations of Paragraph 10 of the Complaint.

11.     Liberty is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, on that basis, denies all such allegations.

12.     Liberty admits that a purported copy of U.S. Patent No. 8,424,752 (the "'752 Patent") is attached to the complaint as Exhibit A and that the face of that patent indicates that it is entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device." Liberty lacks knowledge sufficient to confirm or deny if the document attached as Exhibit A is a true and correct copy of the '752 Patent. Liberty otherwise denies the remaining allegations in paragraph 12.

13.     Liberty denies the allegations in Paragraph 13 of the Complaint.

14.     Liberty denies the allegations in Paragraph 14 of the Complaint.

15.     Liberty denies the allegations in Paragraph 15 of the Complaint.

16.     Liberty denies the allegations in Paragraph 16 of the Complaint.

17. Liberty denies the allegations in Paragraph 17 of the Complaint.

18. Liberty is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, on that basis, denies all such allegations.

## COUNT II

19. Liberty incorporates by reference the answers to paragraphs 1–18 above.

20. Liberty admits that the Complaint purports to set forth a claim under the patent laws of the United States. Liberty otherwise denies the remaining allegations of Paragraph 20 of the Complaint.

21. Liberty is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and, on that basis, denies all such allegations.

22. Liberty admits that a purported copy of U.S. Patent No. 8,651,369 (the "'369 Patent") is attached to the complaint as Exhibit B. Liberty denies that the '369 Patent is entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device." Liberty lacks knowledge sufficient to confirm or deny if the document attached as Exhibit B is a true and correct copy of the '369 Patent. Liberty otherwise denies the remaining allegations in paragraph 22.

23. Liberty denies the allegations in Paragraph 23 of the Complaint.

24. Liberty denies the allegations in Paragraph 24 of the Complaint.

25. Liberty denies the allegations in Paragraph 25 of the Complaint.

26. Liberty denies the allegations in Paragraph 26 of the Complaint

27. Liberty denies the allegations in Paragraph 27 of the Complaint

28. Liberty is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and, on that basis, denies all such allegations.

## COUNT III

29. Liberty incorporates by reference the answers to paragraphs 1–28 above.

30. Liberty admits that the Complaint purports to set forth a claim under the patent laws of the United States. Liberty otherwise denies the remaining allegations of Paragraph 30 of the Complaint.

31. Liberty is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and, on that basis, denies all such allegations.

32. Liberty admits that a purported copy of U.S. Patent No. 8,936,190 (the "'190 Patent") is attached to the complaint as Exhibit C and that the face of that patent indicates that it is entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device." Liberty lacks knowledge sufficient to confirm or deny if the document attached as Exhibit C is a true and correct copy of the '190 Patent. Liberty otherwise denies the remaining allegations in paragraph 32.

33. Liberty denies the allegations in Paragraph 33 of the Complaint.

34. Liberty denies the allegations in Paragraph 34 of the Complaint.

35. Liberty denies the allegations in Paragraph 35 of the Complaint.

36. Liberty denies the allegations in Paragraph 36 of the Complaint

37. Liberty denies the allegations in Paragraph 37 of the Complaint

38. Liberty is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and, on that basis, denies all such allegations.

## PRAYER FOR RELIEF

Liberty denies the Plaintiff is entitled to any relief from Liberty and denies all the allegations contained in Paragraphs a-e of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Liberty's Affirmative Defenses are listed below. Liberty reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

39. Liberty has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '752, '369, and '190 Patents (collectively, the "Asserted Patents").

## SECOND AFFIRMATIVE DEFENSE

40. Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**THIRD AFFIRMATIVE DEFENSE**

41. To the extent that Plaintiff and any predecessors in interest to any of the Asserted Patents failed to properly mark any of their relevant products or materials as required by 35 U.S.C § 287, or otherwise give proper notice that Liberty's actions allegedly infringe the Asserted Patents, Liberty is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Asserted Patents.

**FOURTH AFFIRMATIVE DEFENSE**

42. To the extent that Plaintiff asserts that Liberty indirectly infringes, either by contributory infringement or inducement of infringement, Liberty is not liable to Plaintiff for the acts alleged to have been performed before Liberty knew that its actions would cause indirect infringement.

**FIFTH AFFIRMATIVE DEFENSE**

43. Plaintiff's attempted enforcement of the Asserted Patents against Liberty is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

44. The claims of the Asserted Patents are not entitled to a scope sufficient to encompass any system employed or process practiced by Liberty.

## SEVENTH AFFIRMATIVE DEFENSE

45. Plaintiff's Complaint fails to state a claim upon which relief can be granted because the Asserted Patents do not claim patentable subject matter under 35 U.S.C. § 101.

## EIGHTH AFFIRMATIVE DEFENSE

46. To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

## LIBERTY'S COUNTERCLAIMS

For their counterclaims against Plaintiff Symbology Innovations, LLC ("Symbology"), Counterclaim Plaintiffs Liberty Life Assurance Company of Boston ("Liberty Life") and Liberty Mutual Group, Inc., ("Liberty Mutual") (collectively "Liberty") allege as follows:

## PARTIES

1. Counterclaim Plaintiff Liberty Life Assurance Company of Boston is a corporation organized and existing under the laws of the State of New Hampshire, with a principal place of business in Boston, MA.

2. Counterclaim Plaintiff Liberty Mutual Group, Inc., is a corporation organized and existing under the laws of the State of Massachusetts, with a principal place of business in Boston, MA.

3. Upon information and belief based solely on Paragraph 3 of the Complaint as plead by Plaintiff, Counterclaim Defendant Symbology Innovations, LLC,

is a limited liability company organized and existing under the laws of the State of Texas and maintains its principle place of business at 1400 Preston Road, Suite 400, Plano, Texas 75093.

## JURISDICTION

4. Liberty incorporates by reference paragraphs 1–3 above.

5. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

6. Symbology has consented to the personal jurisdiction of this court by at least commencing their action for patent infringement in this district, as set forth in its Complaint.

7. Based solely on Symbology's filing of this action, venue is proper, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I

## DECLARATION REGARDING NON_INFRINGEMENT

8. Liberty incorporates by reference paragraphs 1–7 above.

9. Based on Symbology's filing of this action and at least Liberty's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Liberty infringes the '752, '369, and '190 Patents.

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Liberty requests a declaration by the Court that Liberty has not infringed and does not infringe any claim of the '752, '369, and '190 Patents under any theory (including

directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II

## DECLARATION REGARDING INVALIDITY

11. Liberty incorporates by reference paragraphs 1–10 above.

12. Based on Symbology's filing of this action and at least Liberty's Second Affirmative Defense, and actual controversy has arisen and now exists between the parties as to the validity of the claims of the '752, '369, and '190 Patents.

13. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Liberty requests a declaration by the Court claims of the '752, '369, and '190 Patents are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Liberty asks this Court to enter judgment in Liberty's favor and against Symbology by granting the following relief:

a) a declaration that the '752, '369, and '190 Patents are invalid;

b) a declaration that Liberty does not infringe, under any theory, any valid claim of the '752, '369, and '190 Patents that may be enforceable;

c) a declaration the Symbology take nothing by its Complaint;

d) judgement against Symbology and in favor of Liberty;

e) dismissal of the Complaint with prejudice;

  f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Liberty of its costs and attorneys' fees incurred in this action; and

  g) further relief as the Court may deem just and proper.

## JURY DEMAND

Liberty hereby demands trial by jury on all issues.

Dated:  October 5, 2015    Respectfully submitted,

    FISH & RICHARDSON P.C.

    By: */s/ Neil J. McNabnay*
    Neil J. McNabnay
    mcnabnay@fr.com
    Texas Bar No. 24002583
    David B. Conrad
    conrad@fr.com
    Texas Bar No. 24049042
    Ricardo J. Bonilla
    rbonilla@fr.com
    Texas Bar No. 24082704
    1717 Main Street, Suite 5000
    Dallas, Texas  75201
    (214) 747-5070 - Telephone
    (214) 747-2091 - Facsimile

    Counsel for Defendants
    LIBERTY LIFE ASSURANCE COMPANY
    OF BOSTON; AND
    LIBERTY MUTUAL GROUP, INC.;

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 5, 2015, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Ricardo J. Bonilla
Ricardo J. Bonilla